O

# United States District Court
# Central District of California

| | |
|---|---|
| VILLA DEL MAR PROPERTIES, LTD., L.P., a California Limited Partnership,<br><br>   Plaintiff,<br><br>   v.<br><br>M/V CHRISTINA MICHELLE, a 34-Foot 1988 SEA RAY POWER BOAT U.S.C.G. OFFICIAL NO. 952468, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*,<br><br>   Defendant. | Case № 2:19-CV-08690-ODW (MRWx)<br><br>**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT [45] AND APPLICATION FOR ORDER DIRECTING DISBURSEMENT [43]** |

## I.  INTRODUCTION

Plaintiff Villa Del Mar Properties, LTD., L.P. initiated this *in rem* vessel arrest action against Defendant M/V Christina Michelle (the "Vessel"), seeking to foreclose on a maritime lien against the Vessel for wharfage services.  (*See* Compl. ¶¶ 5–10, ECF No. 1.)  Currently, Plaintiff requests an order directing disbursement of vessel sale proceeds ("Application" or "Appl.," ECF No. 43) and moves for entry of default judgment against the Vessel ("Motion" or "Mot.," ECF No. 45).  As explained below, the Court **GRANTS** Plaintiff's Application and Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion and Application, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

In February 2005, the Vessel's owner, John Merino, executed a Berth Rental Agreement (the "Agreement") with Plaintiff to berth the Vessel at a monthly rate of $406.00, which rate increased to $579.25 in March 2019. (Compl. ¶¶ 5–8, Ex. A.) Since entering into the Agreement, Plaintiff provided wharfage services, constituting "necessaries" under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301, for the benefit of the Vessel. (*Id.* ¶¶ 6, 13, 14.) Merino paid the monthly rental from February 2005 to July 2019, after which time payments ceased. (*Id.* ¶¶ 9–10.) On August 12, 2019, Plaintiff served Merino with a thirty-day notice to pay or quit; when Merino did neither, the Agreement terminated by its terms, effective September 20, 2019. (*Id.* ¶¶ 12, 20.) As of the date of the Complaint, the outstanding balance for the Vessel's berthage was $2,475.25. (Compl. ¶ 11.)

On October 9, 2019, Plaintiff filed this *in rem* action against the Vessel to recover the overdue debts, asserting a maritime lien against the Vessel, its engines, tackle, accessories, equipment, furnishings, and appurtenances pursuant to 46 U.S.C. § 31342. (*See id.* ¶¶ 4–18; Mot. 2.) The Court granted Plaintiff's ex parte applications for the Vessel's arrest and appointment of a Substitute Custodian during the action's pendency. (*See* ECF Nos. 10–13.) Plaintiff published a Notice of Vessel Arrest in the *Los Angeles Daily Journal* and delivered the summons, complaint, warrant, and other court documents to the U.S. Marshal, who served and arrested the Vessel on October 17, 2019. (Mot. 3–4.) Plaintiff also served Merino, the only person known to have an interest in the Vessel, by substitute service on October 28, 2019. (*Id.* at 4.) No appearances have been made in this action on behalf of the Vessel or Merino, nor have any responsive pleadings been filed. The Clerk of Court entered default against the Vessel on November 21, 2019. (Default, ECF No. 26.)

The Court subsequently granted Plaintiff's motion for interlocutory sale. (Order for Interlocutory Sale, ECF No. 34.) Accordingly, the U.S. Marshal sold the Vessel at public auction to the highest bidder, not Plaintiff, for $1,600, and deposited

the proceeds into the registry of the Court. (Fin. Entry, ECF No. 36; Appl. 2–3.) The sale is confirmed and no longer subject to challenge. *See* C.D. Cal. LAR E.15(f); (Order for Interlocutory Sale ¶ 9). At the time it was released, the Vessel had been in the Substitute Custodian's custody for 135 days. (Mot. 4–5.)

Plaintiff now requests default judgment against the Vessel and disbursement of the registry funds.[2] (*See* Mot.; Appl.) Plaintiff seeks $33,761.79[3] in damages, litigation costs, and *in custodia legis* expenses, as follows: (1) $2,475.25 necessaries lien (pre-arrest wharfage services); (2) $400 fee to file Verified Complaint; (3) $3,666.54 U.S. Marshal fees; (4) $200 Substitute Custodian fees to prepare vessel inventory; (5) $18,900 Substitute Custodian fees—post-arrest wharfage services [$140.00 per day x 135 days]; (6) $6,885 Substitute Custodian fees—custodian services [$51.00 per day x 135 days]; and (7) $1,235 Substitute Custodian fees—weekly inspections [$65 per week x 19 weeks]. (Mot. 5; Decl. of Kelly King ("King Decl.") ¶¶ 11–13, Ex. B, ECF No. 45-1; *see also* Order Appointing Substitute Custodian ¶ 4, ECF No. 10 (establishing approved rates).) The sale proceeds are to be applied to the damages, reducing the total damages award to $32,161.79.

### III.   LEGAL STANDARD

Local Admiralty Rule C.5 provides: "After the time for filing an answer has expired, the plaintiff may apply for entry of default under [Federal Rule of Civil Procedure] 55(a). Default will be entered upon showing that:"

> (a) Notice has been given as required by Local Admiralty Rule C.4(a); and
> (b) Notice has been attempted as required by Local Admiralty Rule C.4(b), where appropriate; and

---

[2] Plaintiff deposited $5,000 with the U.S. Marshal at the outset of this action. (*See* Decl. of Alexander T. Gruft ISO Appl. ("Gruft Decl.") ¶ 5, Ex. A, ECF No. 43-1.) In addition to disbursement of the sales proceeds, $1,600, Plaintiff also seeks disbursement of the sums remaining from Plaintiff's deposit, $1,333.46. (Appl. 3–4; *see* Gruft Decl. Ex. A.) As discussed below, the Court grants Plaintiff's Application in full.

[3] Plaintiff calculates this total as $33,561.79, but the sum of the listed figures equals $33,761.79. (*See* Mot.) The Court bases subsequent calculations on the correct sum, which is $33,761.79.

(c) The time for answer has expired; and

(d) No one has appeared to claim the property.

C.D. Cal. LAR C.5. Local Admiralty Rule C.4(a) requires that notice of the action and vessel arrest be (1) published, (2) served on the custodian of the property, and (3) mailed to anyone who has not appeared but is known to have an interest in the property. Local Admiralty Rule C.4(b) specifies certain additional notice requirements for persons with recorded interests.

Rule 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default. Fed. R. Civ. P. 55(b); C.D. Cal. LAR C.5 ("Judgment may be entered under [Rule] 55(b) at any time after default has been entered."). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception the amount of damages. *See, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). In cases such as the present action, a court may enter default judgment under Rule 55(b) upon application by the Plaintiff, provided the court has subject matter jurisdiction over the case and *in rem* jurisdiction over the defendant. *See Cove Invs., LLC v. Vessel - Cordelie*, No. 18-cv-03884-DMR, 2019 WL 343423, at *2 (N.D. Cal. Jan. 28, 2019).

## IV.  DISCUSSION

### A.  Jurisdiction

The Court finds it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, which vests district courts with original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." The Court also has subject matter jurisdiction pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342, "which provides for maritime suits [*in rem* against the vessel] for failure to pay for necessaries . . . provided to a vessel." *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 919 (9th Cir. 2002) (quoting *Robert E. Derecktor, Inc. v.*

*Norkin*, 820 F. Supp. 791, 792 (S.D.N.Y. 1993)). Accepting Plaintiff's allegations as true, it has demonstrated that it provided necessaries to the Vessel on order of the owner, thus establishing the maritime lien it seeks to enforce and the Court's jurisdiction. 46 U.S.C. § 31342(a) ("[A] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner . . . has a maritime lien on the vessel . . . [and] may bring a civil action in rem to enforce the lien.").

Additionally, the Court has *in rem* jurisdiction over the Vessel because it was located and arrested pursuant to maritime process in the Central District of California. *See* Fed. R. Civ. P. C(2)–(3); *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 424 F.3d 852, 858 (9th Cir. 2005) ("In the usual course, *in rem* jurisdiction is obtained by serving a warrant of arrest pursuant to Supplemental Rule C(3)." (brackets omitted)); *Bruce v. Murray*, 123 F. 366, 371 (9th Cir. 1903) ("To give jurisdiction *in rem* the subject proceeded against must be within the jurisdiction of the court, and there must be an actual seizure and control of the res by the marshal; otherwise, the admiralty court has no jurisdiction.").

**B.      Notice Requirements**

Next, Plaintiff has established that it satisfied the notice requirements of the Supplemental Rules for Admiralty or Maritime Claims, as well as Local Admiralty Rules C.4 and C.5. Plaintiff filed proof that notice of the action and arrest of the Vessel, including deadlines to file a claim and to answer, was published in the *Los Angeles Daily Journal*. (Notice of Proof of Publ'n, ECF No. 24); *see* C.D. Cal. LAR. C.4(a)(1). Plaintiff served copies of the Summons, Verified Complaint, and other associated case documents on Merino by substitute service and first-class mail. (Proof of Service, ECF No. 18); *see* C.D. Cal. LAR C.4(a)(3), (b). Plaintiff also delivered the required documents to the U.S. Marshal for service, whose return service demonstrates that the Vessel was served and arrested on October 17, 2019. (Process Receipts, ECF Nos. 16–17); *see* Fed. R. Civ. P. C(3)(b)(i). The time to file any claims of right or interest, or to answer, has expired. (*See* Notice of Proof of Publ'n 4).

No appearances have been made on behalf of anyone other than Plaintiff, and the Clerk entered default against the Vessel on November 21, 2019. (*See* Default.) Accordingly, the Court may enter default judgment. *See* C.D. Cal. LAR C.5; *Econ. Dev. Collaborative-Ventura Cnty v. F/V Albartro, Off. No. 656254*, No. 2:19-cv-01936-R-JEM, 2019 WL 7940699, at *1–2 (C.D. Cal. Nov. 20, 2019) (Klausner, J.) (granting default judgment where plaintiff met these requirements); *Rutherford Boat Shop, Inc. v. VESSEL MOONSHADOW*, No. C-12-35-DMR, 2012 WL 1933318, at *3 (N.D. Cal. May 29, 2012) (same).

### C. *Eitel* Factors

Entry of default judgment is also appropriate under the seven factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the [Rules] favoring decisions on the merits.

First, absent entry of default judgment, Plaintiff will suffer prejudice as it will be denied the right to a judicial resolution on its maritime lien. *See St Liberty, LLC v. That Certain 38 Fountain Power Boat, 2008 Express Cruiser Model, Off. No. 1229074, at One Time Named Greyson*, No. SA CV 18-0096-DOC (JDEx), 2019 WL 8195555, at *2 (C.D. Cal. Oct. 10, 2019). Second and third, Plaintiff sufficiently states a claim for relief because, as discussed above in Section IV.A., it has established a maritime lien for necessaries provided to the Vessel. *See Cove Invs.*, 2019 WL 343423, at *4 (finding plaintiff sufficiently pleaded the existence of a maritime lien where plaintiff alleged it provided berthing to the defendant vessel pursuant to an agreement but the vessel owners stopped paying the monthly fees).

Fourth, the sum of money at stake here is directly related to the harm caused by the Vessel as Plaintiff seeks to recover only the wharfage fees owing and reasonable

expenses incurred enforcing the maritime lien. *See id.* (finding sum comprised of berthing fees and vessel maintenance costs incurred during the litigation's pendency weighed in favor of granting default judgment). Fifth and sixth, despite proper service and notice, no interested claimants have appeared or opposed the Motion or Application, so nothing before the Court indicates the potential for factual dispute or excusable neglect. *Id.* at *4–5; *St. Liberty*, 2019 WL 8195555, at *3. Finally, although the strong policy for decision on the merits does not weigh in favor of default judgment, it also does not preclude it here because, where no appearances or objections have been made, "a decision on the merits [is] impractical, if not impossible." *St. Liberty*, 2019 WL 8195555, at * 4 (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). Taken together, the *Eitel* factors weigh in favor of granting default judgment.

**D.      Remedy**

Finally, the Court finds the requested remedy appropriate. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pl[ead]ed." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). In an action to enforce a maritime lien, "[s]ervices or property advanced to preserve and maintain an arrested vessel, furnished upon authority of the court, are allowable." *Barwil ASCA v. M/V SAVA*, 44 F. Supp. 2d 484, 489 (E.D.N.Y. 1999) (citing *N.Y. Dock Co. v. Steamship Poznan*, 274 U.S. 117, 121 (1927)); *see Crescent City Harbor Dist. v. M/V Intrepid*, No. C-08-1007 JCS, 2008 WL 5211023, at *5 (N.D. Cal. Dec. 11, 2008) (finding costs of berthage, accrued interest, late fees, and services to maintain the vessel recoverable).

Plaintiff presents evidence that the value of the maritime lien against which it wishes to foreclose is $2,475.25. (Compl. ¶ 11; King Decl. ¶ 10, Ex. A.) It also seeks to recover filing fees and expenses *in custodia legis*, incurred to maintain the Vessel

during the pendency of this action. Specifically, Plaintiff seeks reimbursement of $3,666.54 paid to the U.S. Marshal in connection with the arrest of the Vessel, and $27,820.00 in expenses to the Substitute Custodian engaged to care for the Vessel during the arrest. (*See* Mot. 5.) The Court previously approved the Substitute Custodian's rates, and Plaintiff presents evidence supporting the requested, delineated expenses. (*See* Order Appointing Substitute Custodian ¶ 4; King Decl. ¶¶ 10, 13, Exs. A–B.) Having reviewed Plaintiff's breakdown of the requested amounts, the Court finds them supported and reasonable. *See St. Liberty*, 2019 WL 8195555, at *4 (finding post-arrest expenses, amount due under agreement, and attorneys' fees and costs recoverable); *Rutherford Boat Shop*, 2012 WL 1933318, at *4 (awarding storage costs and accrued necessaries as supported and reasonable). Accordingly, the Court grants Plaintiff's request for damages in the total amount of $33,761.79.

The Court also **GRANTS** Plaintiff's Application for Disbursement and **ORDERS** (1) the proceeds from the sale of the vessel, $1,600, shall be disbursed to Plaintiff, thereby reducing the total outstanding damages award to $32,161.79, and (2) the sums remaining from Plaintiff's deposit shall be disbursed to Plaintiff.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Application and Motion. (ECF Nos. 43, 45.) The Court enters default judgment under Rule 55(b) against the Vessel. The Court **AWARDS** Plaintiff **$32,161.79** and **ORDERS** disbursement of the sale proceeds and any remaining deposit funds to Plaintiff. The Court shall issue Judgment.

**IT IS SO ORDERED.**

January 8, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**